# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GORDON EDWARD KNIGHT, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:25-CV-1065-ALM-AGD |
| v. | § | |
| | § | |
| BMO BANK NATIONAL ASSOCIATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ADOPTING THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report and Recommendation ("Report") of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On March 25, 2026, the Magistrate Judge entered a Report (Dkt. #19) recommending that Plaintiff's Motion for Default Judgment (Dkt. #16) be denied. On March 25, 2026, Plaintiff filed "Plaintiff's Motion for Reconsideration and Relief" ("Motion") (Dkt. #20). On April 2, 2026, Plaintiff filed an Objection to the Report (Dkt. #21).

In the Report, the Magistrate Judge concluded that default judgment could not be granted against Defendant because the Clerk's office had properly denied Plaintiff's request for an entry of default (Dkt. #19, at p. 6).[1] The Magistrate Judge clarified that the Clerk's office could not enter default against Defendant because Defendant was not properly served (Dkt. #19, at pp. 5-6). The

[1] Plaintiff asserts that the Magistrate Judge misrepresented this because the Clerk's Notice (Dkt. #18), noted, in part, that "[d]efault [was] denied per request from Chambers" (Dkt. #18). However, Plaintiff misunderstands the process of the entry of default. The Clerk's office did deny the entry of default, as the Magistrate Judge stated (Dkt. #19, at p. 6). Just because the Clerk's office consulted with the Magistrate Judge about the default does not alter the fact that the Clerk's office declined to enter default.

Magistrate Judge went beyond that and explained, in detail, exactly how Plaintiff's service of process was deficient (Dkt. #19).

In his Motion, Plaintiff argues that "[t]he service of the original filing on the Defendant was proper, was conducted by a professional process server, was properly recorded by that server, and the records thereof properly submitted by the Plaintiff to the Clerk's office. The Court accepted the original filing service as proper" (Dkt. #20, at p. 8). These arguments were reiterated in Plaintiff's Objection (Dkt. #21, at pp. 3-4).

To begin, the Court notes that this Court previously adopted the Magistrate Judge's prior Report and Recommendation that recommended denial of Plaintiff's first Motion for Default Judgment against Defendant (Dkt. #14). The first Motion for Default Judgment was denied because Plaintiff failed to properly follow the procedure set forth in Federal Rule of Civil Procedure 55 (Dkt. #12, at p. 4). These decisions did not constitute acceptance that the "original filing service [was] proper" (Dkt. #12; Dkt. #14). As explained by the Magistrate Judge in the current Report, service was in fact, not proper.

Moreover, in his Motion and Objection, Plaintiff relies heavily on the fact that he hired a professional process server as evidence that service on Defendant was proper (Dkt. #20, at p. 8; Dkt. #21, at p. 3). Plaintiff repeatedly emphasizes that his process server "has been serving the legal community for over 80 years" and "is also one of the founding members of the National Association of Professional Process Servers ("NAPPS")" (Dkt. #20, at p. 8; Dkt. #21, at p. 3). A process server's experience does not constitute proper service. Nor is it evidence that proper service was actually conducted in this case.

In his Objection, Plaintiff argues that service was proper because his process server made an appointment with Defendant to "meet and accept service" (Dkt. #21, at p. 4). Plaintiff further claims that Jacqueline Silverio ("Silverio"), the paralegal who accepted service for Defendant, is "empowered with authority to accept service" (Dkt. #21, at p. 4). As detailed in the Report, for service to have been proper, Silverio needed to have been a "registered agent or any officer or agent" under Illinois law or "an officer, a managing or general agent, or any other agent" under Federal Rule of Civil Procedure 4(h)(1)(B).

As a paralegal, Silverio is not an officer. Neither does the Illinois Secretary of State identify her as a registered agent of Defendant.[2] Under Illinois law, "[f]or service of process on a corporation to be effectively made upon an agent of defendant, such agent must have *actual authority* to accept service on behalf of the corporation." *Dei v. Tumara Food Mart, Inc.*, 406 Ill. App. 3d 856, 862 (2010) (emphasis added). "Agency is a consensual, fiduciary relationship between two persons, created by law by which one, the principal, has a right to control the conduct of the agent, and the *agent has a power to effect the legal relations of the principal*." *Slates v. Int'l House of Pancakes, Inc.*, 90 Ill. App. 3d 716, 724 (1980) (emphasis added). The majority of Illinois appellate courts place the burden of establishing the agency relationship on plaintiffs. *Dei*, 406 Ill. App. 3d at 863 (2010). Accordingly, as the Magistrate Judge previously concluded (Dkt. #19, at p. 5), the evidence before the Court does not support the finding that Defendant was properly served under Illinois law, as dictated under Federal Rule of Civil Procedure 4(h)(1)(A).

---

[2] The court takes judicial notice of the Illinois Secretary of State's business entity search. FED. R. EVID. 201; Business Entity Search, Illinois Secretary of State, https://apps.ilsos.gov/businessentitysearch/ (last visited Apr. 7, 2026).

Additionally, the Fifth Circuit has stated that under Federal Rule of Civil Procedure 4(h), an agent is one "invested with general powers involving the exercise of independent judgment and discretion…" *Jim Fox Enters., Inc. v. Air France*, 664 F.2d 63, 64 (5th Cir. 1981). By Plaintiff's own admission, Silverio was empowered by another to accept service for Defendant (Dkt. #21, at p. 4). These facts do not suggest "the exercise of independent judgment and discretion…" by Silverio. *See id.* As such the evidence before the Court does not support a finding that Defendant was properly served under Federal Rule of Civil Procedure 4(h)(1)(B), as the Magistrate Judge previously concluded (Dkt. #19, at pp. 5-6).

Moreover, Plaintiff accuses the Magistrate Judge of ruling adversely against him because she "[j]ust [d]oesn't [w]ant the [c]ase" (Dkt. #21, at p. 5). As evidence of this, Plaintiff states that the Magistrate Judge is not being honest when she "declares" that Plaintiff's process server simply identified Silverio as "Jackie" in his second affidavit (Dkt. #21, at p. 5). Plaintiff is correct that his process server identified Silverio as Jackie *Silverio*, and not simply Jackie when serving her (Dkt. #21, at p. 5). Specifically, Silverio is identified as "Jackie Silverio," rather than Jacqueline Silverio, on two occasions in Plaintiff's process server's affidavit, dated October 31, 2025 (Dkt. #21-1, at p. 6). Regardless, the Magistrate Judge is correct when she asserts that service on Silverio, as Jacqueline Silverio or Jackie Silverio, does not qualify as proper service under Federal Rule of Civil Procedure 4(h)(1) (Dkt. #19, at pp. 5-6). As detailed above and in the Report, Silverio, as Jacqueline or Jackie, is not identified as an "officer, a managing or general agent, or any other agent," or listed "as a registered agent for Defendant" on the Illinois Secretary of State's website (Dkt. #19, at p. 5).

Plaintiff's other evidence of the Magistrate Judge's alleged desire to "get off the case," includes an allegation that the Magistrate Judge requested the Clerk's Office to "alter the order of the First Motion [for Default's] filings to furnish an excuse to deny [the motion]" (Dkt. #21, at p. 6). Plaintiff fails to support this assertion, and the Court reiterates that it already adopted the previous Report and Recommendation by the Magistrate Judge that recommended denial of Plaintiff's first Motion for Default Judgment because Plaintiff failed to properly follow the procedure set forth in Federal Rule of Civil Procedure 55 (Dkt. #14). A baseless assertion that the Magistrate Judge "altered" the docket in order to deny Plaintiff's first Motion for Default is inappropriate as a basis for objection to the Report regarding Plaintiff's current Motion.

Finally, Plaintiff complains about the Magistrate Judge's explanation of the process by which to submit a proper objection to her Report (Dkt. #21, at pp. 6-7). The language included in that portion of the Report is routine and meant to allow Plaintiff the ability to appropriately challenge the Report if he wishes to do so.

Accordingly, having received the Report of the Magistrate Judge, "Plaintiff's Motion for Reconsideration and Relief" (Dkt. #20), Plaintiff's Objection (Dkt. #21), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's Report as the findings and conclusions of the Court.

It is therefore **ORDERED** that Plaintiff's Motion for Default Judgment (Dkt. #16) is **DENIED**.

Further, it is **ORDERED** that "Plaintiff's Motion for Reconsideration and Relief" (Dkt. #20) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 10th day of August, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE